Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Telephone: (214) 855-7500

ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| WITH PURPOSE, INC., | § § § | Bankruptcy Case No. 23-30246-mvl-7 |
| Debtor. | § § | |
| WPI COLLATERAL MANAGEMENT, LLC, | § § § § | |
| Appellant, | § § | Civil Proceeding No. 3:25-cv-01472-B |
| v. | § § | |
| SCOTT M. SEIDEL, TRUSTEE, | § § § | |
| Appellee. | § | |

**TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO APPEAL**

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the trustee of With Purpose, Inc. (the "Debtor") and of its bankruptcy estate (the "Estate"), the debtor in the above styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this *Response in Opposition* (the "Response") to the *Appellant WPI Collateral Management, LLC's Motion for Leave to Appeal Bankruptcy Court* Order Granting Trustee's Amended Application to Employ

Iacuone McAllister Potter PLLC *(Dkt. 537)* (the "Motion") [Docket No. 555], filed by WPI Collateral Management, LLC ("WPICM"), respectfully stating as follows:

## I.   SUMMARY

1. On December 6, 2024, the Bankruptcy Court held a bench ruling wherein the Bankruptcy Court approved a settlement and sale agreement between the Trustee, as administrator of the Estate, and GloriFi Acquisitions, LLC (the "Agent"), as purchaser, of certain agency rights of the Estate's claims and causes of action, which was later memorialized in an order approving the same on January 24, 2025 [Docket No. 399] (the "9019 Order").  Pursuant to the agreement between the Trustee and the Agent, the Agent has the right to identify preferred special counsel to assist the Trustee in the evaluation and prosecution of those claims and causes of action pursuant to the 9019 Order.  In conjunction with the Agent, the Trustee selected Iacuone McAllister Potter PLLC ("IMCP") as the proposed special counsel to the Trustee.

2. The Trustee filed an application to retain IMCP on January 16, 2025 [Docket No. 390] and, following a hearing before the Bankruptcy Court, filed an amended application to retain IMCP on April 25, 2025 [Docket No. 504] (the "Amended Retention Application").  Related to the Amended Retention Application, the Trustee simultaneously sought approval to retain Shields Legal Group, P.C. as conflicts counsel to moot any potential concerns related to IMCP's retention.  Following a hearing on the Amended Retention Application, the Bankruptcy Court, satisfied that any potential conflicts were resolved by the dual retention applications, approved IMCP's retention on May 22, 2025 [Docket No. 537] (the "Retention Order") over the objections of WPICM.

3. WPICM filed the Motion seeking to appeal the Retention Order on June 9, 2025, arguing only that IMCP's retention is not in the best interest of the Estate and that IMCP's retention as special counsel would "prejudice the Estate."  Mot. at pp. 4-5.

4. The Motion now joins a years-long history of dispute and litigation in the Bankruptcy Court in which WPICM and one of its key constituents – Toby Neugebauer, the Debtor's former CEO, director, majority shareholder, and lifelong friend of WPICM's sole member and manager – have routinely antagonized and frustrated the Trustee's efforts to administer the Estate. This history includes findings by the Bankruptcy Court that WPICM and Neugebauer deliberately interfered with the Trustee's efforts to sell Estate property by filing a complaint in another federal jurisdiction (a decision WPICM's corporate representative testified was intended to disrupt the Trustee's auction process), constituting an abuse of the bankruptcy process [Docket No. 396] (the "<u>9019 Opinion</u>"). A true and correct copy of the 9019 Opinion is attached hereto as Exhibit "A".

5. In an opinion issued just a week ago and incorporating its previous findings of bad faith and abuse of process in the 9019 Opinion, the Bankruptcy Court disallowed portions of WPICM's secured claim in the Bankruptcy, avoided much of WPICM's interest in the collateral, and found that WPICM willfully violated the automatic stay in filing the complaint that constituted an attempt to interfere with the administration of the Estate [Docket No. 563] (the "<u>Adversary Opinion</u>"). A true and correct copy of the Adversary Opinion is attached hereto as Exhibit "B".

6. Despite this historical backdrop, WPICM now hypocritically attempts to argue that it knows what is in the best interest of the Estate.

7. Because the Retention Order is interlocutory and WPICM presents no basis for the District Court to grant leave to appeal the Retention Order, the Motion should be denied.

## II.   ARGUMENT AND AUTHORITIES

8. An order approving or denying the retention of counsel to represent a trustee are interlocutory and therefore not appealable as of right under section 158(d) of Title 28 of the United States Code. *See In re Delta Services Industries, Etc.*, 782 F.2d 1267, 1272 (5th Cir. 1986). This

principle has been routinely affirmed by the Fifth Circuit and other courts. *See In re Pericone*, 319 Fed. Appx. 325, 326 (5th Cir. 2009) ("Regarding the district court's remand on the issue of the appointment of counsel for the trustee, we have held that such an order of a bankruptcy court is not final."); *In re Smyth*, 207 F.3d 758, 763 (5th Cir. 2000) ("Orders appointing counsel under the Bankruptcy Code are interlocutory and are not generally considered final and appealable."). *See also In re Spearman Food Distributors, Inc.*, Civil Nos. 1:10cv163, 10–10409, 2011 WL 4595274, at *5 (W.D.N.C. 2011) (collecting cases).

9. District courts have discretion to hear the appeal of an interlocutory order pursuant to section 158(a) of Title 28. 28 U.S.C. § 158(a). While 158(a) does not articulate the standard a district court must use in deciding to grant leave, courts in the Fifth Circuit have applied the standards outlined in 28 U.S.C. § 1292(b) to determine whether such leave should be granted. *In re Highland Capital Mgmt., L.P.*, Civ. Action No. 3:21-CV-0879-K, 2022 WL 394760, at *3 (N.D. Tex. Feb. 9, 2022).

10. There are three elements that must be satisfied pursuant to section 1292(b): "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). An appeal of an interlocutory order is appropriate only where all three elements are satisfied, with leave to appeal sparingly granted as the Fifth Circuit disfavors interlocutory appeals. *See Highland Capital*, 2022 WL 394760, at *3 (internal citations omitted).

11. The Motion should be denied because WPICM addresses none of the three required elements for the District Court to grant leave to appeal the Retention Order. Instead, WPICM merely asserts that the Estate's interests are not protected by IMCP's retention and that IMCP's retention will prejudice the Estate.

12. Even if WPICM attempted to address the elements, none could be met. First, no controlling issue of law is implicated by the Retention Order – a controlling issue of law is one that "has the potential for substantially accelerating the disposition of the litigation and does not concern matters that are entrusted to the discretion of the bankruptcy court." *Id.* at *4 (internal quotations omitted). Seeking to overturn a bankruptcy court's decision to approve what counsel will assist a trustee in his duties does nothing to "substantially" accelerate either the Bankruptcy Case or any associated adversary proceedings, and approving the necessity, reasonableness, and disinterestedness of any such retention is well within the Bankruptcy Court's discretion – thus, no controlling issue of law is implicated.

13. Second, there are no substantial grounds for difference of opinion. Case law on the standards for approval of an estate professional under sections 327 and 328 of the Bankruptcy Code is well settled, with several Fifth Circuit opinions on point (none of which WPICM cited or addressed, let alone distinguished). Accordingly, WPICM fails to establish that there are substantial grounds for difference of opinion as required under section 1292(b).

14. Third, for the reasons stated above, an immediate appeal will do nothing to advance the ultimate termination of the litigation.

15. Because WPICM cannot satisfy all (or even one) of the elements of 28 U.S.C. 1292(b), the Motion should be denied.

### VI.     PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order denying the Motion and granting him such other and further relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 23rd day of June, 2025.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    Conor P. White, Esq.
    Texas Bar No. 24125722
    500 N. Akard Street, Suite 4000
    Dallas, Texas 75201-6605
    Telephone: (214) 855-7500
    drukavina@munsch.com
    tberghman@munsch.com
    cwhite@munsch.com

**COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 23rd day of June, 2025, he caused true and correct copies of this document to be served by electronic service through the Court's ECF system on all parties entitled to notice thereof, including counsel for WPICM.

*/s/ Thomas Berghman*
Thomas D. Berghman